IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>CHRISTOPHER SANCHEZ,<br><br>   Defendant. | Criminal Action No. 13-23-GMS |

## MEMORANDUM

### I. INTRODUCTION

On March 5, 2013, defendant Christopher Sanchez ("Sanchez") was indicted on charges stemming from a government-orchestrated reverse-sting operation, often referred to as a "fake stash house" case. (D.I. 19.) Sanchez and his co-defendants conspired with a government informant and with each other to invade a house and steal drugs, although in reality the house and drugs did not exist. On July 5, 2013, Sanchez filed a Motion to Dismiss the Indictment based upon outrageous government conduct ("First Motion to Dismiss"). (D.I. 29.) On September 30, 2013, the court denied the First Motion to Dismiss, finding that Sanchez failed to establish government conduct amounting to a due process violation. (D.I. 36.) On February 24, 2014, a grand jury returned a four-count Superseding Indictment charging Sanchez with: (1) Conspiracy to Commit a Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. §§ 1951(a) and 2; (2) Conspiracy to Possess a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 846; (3) Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(3); and Possession of a Firearm by a Prohibited

Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 47–48.) On June 24, 2014, Sanchez filed a Second Motion to Dismiss the Redacted Superseding Indictment ("Second Motion to Dismiss"), arguing his investigation and prosecution by the government was motivated by racial profiling or bias. (D.I. 63.)[1] For the reasons that follow, the court will deny the motion.

## II. BACKGROUND

The court's September 30, 2013, memorandum sets forth the background facts of this case in detail. (D.I. 36 at 1–5.) In brief, Sanchez was arrested for conspiring to commit a home invasion in order to steal drugs—except that neither the house nor the drugs existed. The conspiracy had been devised by government agents with the Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF"). In these "reverse-sting" or "fake stash house" operations, ATF agents fabricate illicit schemes to "proactively identify and arrest violent criminals." (D.I. 67 at 1.)

In the First Motion to Dismiss, Sanchez sought dismissal of the indictment on the grounds of "outrageous government conduct," i.e., the government' use of such reverse-sting operations amounted to a constitutional due process violation. The court denied Sanchez's First Motion to Dismiss. (D.I. 36.) In the instant Second Motion to Dismiss, Sanchez again seeks dismissal of the indictment, this time on the grounds of selective prosecution or racial profiling.

---

[1] Pursuant to the court's scheduling order (D.I. 66), the government timely filed a brief opposing the Second Motion to Dismiss on October 16, 2014. (D.I. 67.) Sanchez did not file a reply brief, which was to have been submitted no later than November 17, 2014.

## III. APPLICABLE LAW

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982)). Indeed, it is accepted that judicial supervision or review of the government's "prosecutorial discretion" is generally inappropriate. *Id.* at 607–08. Nonetheless, while this discretion is broad, "it is not unfettered." *Id.* at 608. Thus, the Supreme Court has applied a "presumption of regularity" to the government's prosecutorial decisions. *United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("[I]n the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." (citing *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926))). This presumption may be overcome by a showing that "the administration of a criminal law is directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law." *Id.* at 464–65 (internal quotation marks omitted).

To make out a case for selective prosecution, the defendant must prove (1) discriminatory effect and (2) discriminatory purpose. *Id.* at 465–66. "To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." *Id.* at 465. Discriminatory purpose is satisfied where the defendant proves that the government's decision to prosecute was "based on an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 464 (internal quotation marks omitted) (citing *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Criminal defendants must present "clear evidence" to dispel the regularity presumption. *Id.* at 465.

3

## IV. DISCUSSION

In the Second Motion to Dismiss, Sanchez argues that the government targeted and prosecuted him (and his co-conspirators) on the basis of race. Sanchez points out that each of the co-defendants involved in the ATF's fake stash house scheme were minorities, either Latino or African American. (D.I. 64 at 6.) Aside from quoting various sources discussing racial profiling in law enforcement as a general concern, however, Sanchez fails to address the criteria described above: discriminatory effect and discriminatory purpose.

The court finds that Sanchez has failed to rebut the judiciary's presumption that the government "properly discharged [its] official duties." *See Armstrong*, 517 U.S. at 464. First, Sanchez has made no showing that "similarly situated individuals of a different race were not prosecuted." *Id.* at 465. Courts have consistently rejected arguments based on "raw statistics regarding overall charges." *See United States v. Bass*, 536 U.S. 862, 864 (2002). Indeed, the Supreme Court in *Bass* rejected the defendant's showing, which offered considerably more evidence than that presented here, but rested on statistics nonetheless. *Id.* at 863–64. Sanchez makes no attempt to argue similarly situated non-minorities were excluded from the government's enforcement of the law.

Moreover, although Sanchez's failure to demonstrate a discriminatory effect is fatal to his motion, the court also finds that there is no proof of discriminatory purpose. Sanchez merely states conclusively that "the Government (ATF) is targeting people who are poor, minorities, who have very limited resources, the most vulnerable of our citizens" and that "the fake stash houses cases show[] that the government is engaged in [racial profiling]." (D.I. 64 at 3, 6.) Such assertions are not "clear evidence" of discriminatory purpose. Moreover, the court agrees with

the government's argument that there could not have been any discriminatory selection because ATF did not "select" Sanchez at all; rather he was originally recruited for the stash house scheme by a co-conspirator. (D.I. 67 at 13.) Sanchez has failed to make the requisite showing of discriminatory purpose.

Sanchez recognizes that the burden he faces to establish racial profiling or selective prosecution is significant. (D.I. 64 at 7.) But rather than engaging with the criteria outlined by the Supreme Court in *Armstrong*, Sanchez repeats policy arguments (concerning the ATF's use reverse-sting operations) that the court already rejected in the First Motion to Dismiss. (*Id.* ("[D]ue to the pervasive and repugnant way ATF is handling these cases there is national clamor that ATF's stash house cases raise[] questions of justice and racial discrimination.").) Indeed, Sanchez's primary base of support is an opinion out of the Central District of California, in which the district judge dismissed the indictment in a similar case on the grounds of *outrageous government conduct*, not selective prosecution. *See United States v. Hudson*, 3 F. Supp. 3d 772 (C.D. Cal. 2014). The court will not revisit its decision denying the First Motion to Dismiss without a specific articulation of why reconsideration is required.[2]

## V. CONCLUSION

For the reasons stated above, the court will deny the Sanchez's Second Motion to Dismiss the Superseding Indictment. (D.I. 63.)

---

[2] Moreover, the district court's opinion was just recently reversed by the Ninth Circuit, which held that "[w]hile we ... question the wisdom of the government's expanding use of fake stash house sting operations, ... they do not violate due process and cross the line into outrageous government conduct." *United States v. Dunlap*, No. 14–50129, 2014 WL 6807733, at *1 (9th Cir. Dec. 4, 2014.), *rev'g Hudson*, 3 F. Supp. 3d 772.

5

Dated: December 8, 2014

_____
UNITED STATES DISTRICT JUDGE